**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARBARA YATES,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.** |
| **v.** | : | |
| | : | |
| **REVENUE CYCLE SERVICE CENTER, LLC,** | : | |
| **and MAURICIO DRUMMOND,** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Barbara Yates (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Revenue Cycle Service Center, LLC, (hereinafter "RCSC"), who has been harmed by the disability-based discrimination and retaliatory practices as well as other improper conduct by RCSC and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*

## II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. §1331, and 1391, 2201, 2202, 1343 and the claim is substantively based on the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43

1

Pa.C.S.A. § 951 *et seq*.

3.      Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4.      All conditions precedent to the institution of this suit have been fulfilled.  As to the federal ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required.  On or about February 26, 2016, Plaintiff filed a Charge of Discrimination with the EEOC, which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against RCSC, alleging, *inter alia*, disability-based employment discrimination and retaliation.  On or about October 17, 2016, Plaintiff filed an Amended Charge of Discrimination with the EEOC.  On or about August 7, 2017, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

5.      This action has been filed within ninety (90) days of receipt of said Notice.

6.      More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

## III.  PARTIES

7.      Plaintiff, Barbara Yates, is a forty-eight (48) year-old adult female citizen and resident of the Commonwealth of Pennsylvania.

8.      Plaintiff was employed by RCSC from April 2010 through December 17, 2015.

9.      Revenue Cycle Service Center, LLC, is a limited liability company incorporated under the laws of Delaware doing business in Pennsylvania at 1605 Valley Center Parkway, Bethlehem, PA 18018.

10.      At all times relevant hereto, Mauricio Drummond (hereinafter "Drummond"),

male, was Senior Director of Insurance Verification, and Plaintiff's director.  At all times relevant hereto, Drummond was an agent, servant, workman and/or employee of RCSC, acting and/or failing to act within the scope, course and authority of his employment and his employer, RCSC. At all times relevant, Drummond was acting in his supervisory and personal capacity.

11.     At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

12.     At all times relevant herein, Plaintiff was a "person" as defined the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

13.     At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

14.     At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

15.     At all times relevant herein, RCSC was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of said Act.

16.     At all times relevant herein, RCSC was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

17.     RCSC has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of disability-based harassment, and disability-based discrimination, and retaliation.

18.     At all relevant times herein, RCSC knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

3

19.     At all times relevant hereto, RCSC acted by and/or failed to act by and through the conduct of their officers, managers, agents, and employees, all acting within the scope and course of their employment.

20.     At all times material hereto, RCSC employed more than fifteen employees.

## IV.  CAUSES OF ACTION

21.     Plaintiff was hired by RCSC in April 2010 in Insurance Verification.

22.     At all times material hereto, Plaintiff was qualified for her position with RCSC and performed her job in a proper and competent manner, was a dedicated and diligent employee, and had a good work record.

23.     In fact, Plaintiff was promoted to be Supervisor of Insurance Verification in July 2012.

24.     In approximately spring 2011, Plaintiff was diagnosed with a serious medical condition and disability, the identity of which is omitted from this Complaint because of privacy concerns with medical diagnoses, but which was expressly made known to RCSC by Plaintiff.

25.     Plaintiff's serious medical condition is a disability as that term is defined by the ADA, as amended by the ADAAA, because it substantially limited her in one or more major life activities, including the circulatory and vascular system on a permanent and ongoing basis, causing chronic fatigue and bleeding.

26.     In 2011, Plaintiff required ADA/FMLA leave for treatment of her serious medical condition and disability, which RCSC purported to grant.

27.     Plaintiff also requested additional ADA/FMLA leave for treatment in 2012, 2013, and 2014, which RCSC again purported to grant.

4

28.    In January 2015, Plaintiff required a medical procedure to treat her disability, and requested ADA/FMLA leave until approximately March 2015.

29.    RCSC purported to grant Plaintiff's request, and her leave began on January 25, 2015.

30.    Plaintiff was medically cleared to return to work on or about March 6, 2015.

31.    Drummond was hired by RCSC in June 2015.

32.    Upon his hiring, Drummond made comments in meetings that there were too many employees on FMLA/ADA leave, and stated that said employees needed to be "weeded out."

33.    In July 2015, Plaintiff took approximately two to three days' leave for treatment of her disability.

34.    In September 2015, Plaintiff applied for intermittent FMLA/ADA leave benefits through the 2016 calendar year, which RCSC purported to grant.

35.    However, in November 2015, Plaintiff required additional FMLA/ADA leave for treatment for her disability, which was to last until December 16, 2015.

36.    At the beginning of November 2015, immediately following her request for FMLA/ADA leave, Drummond called Plaintiff in to meet with him to discuss her remaining FMLA time.  Drummond informed Plaintiff that she "only had" 30 days left, and that he "hoped she would be back in time," because he didn't want to see "anything happen" to her job.  Plaintiff responded to inform Drummond of the severity of procedure she required and to complain about the fact that she could suffer adverse job actions, including termination, for needing and taking required medical leave.

37.    Plaintiff then reported Drummond's comments to Christine Coppinger

("Coppinger"), her manager, and indicated that she felt Drummond was threatening her job due to her disability and need for accommodation and/or Drummond was indicating that her job status would be in jeopardy if she needed and took additional leave.

38.     RCSC again purported to grant Plaintiff's request for leave from November 11, 2015 until December 16, 2015.

39.     On or about December 11, 2015, Plaintiff notified Coppinger that she would not be able to return until January 4, 2016.

40.     Coppinger told Plaintiff that she would have to find out what paperwork Plaintiff needed to complete.

41.     Also around this time, FMLA Source, RCSC's third-party FMLA administrator, denied Plaintiff's request for additional leave beginning December 17, 2015 and ending on January 4, 2016 because she had run out of time under FMLA.

42.     At no time, at this point, did Coppinger or anyone on behalf of the employer consider or apply the ADA or PHRA to consider and determine whether Plaintiff was entitled to additional leave as an accommodation under those statutes; and furthermore, to engage in the interactive process mandated by same.

43.     Coppinger was copied on the leave request from FMLA Source, dated December 10, 2015.

44.     On December 17, 2015, Plaintiff was contacted by Michelle Patitucci ("Patitucci"), Human Resource Generalist, who told Plaintiff that Coppinger should have had Plaintiff complete leave of absence paperwork, which was then e-mailed to Plaintiff by Coppinger.

45.     Plaintiff completed the paperwork and returned it on or about December 21, 2015.

46.     The paperwork, titled Employee Activity Request Form, clearly indicates that Plaintiff was requesting leave from December 17, 2015 through January 4, 2016, and indicates that her doctor had released her to return as of January 4, 2016.

47.     Drummond denied the request on the Employee Activity Request Form, noting that RCSC was "unable to hold the position open at this time."

48.     Plaintiff believes, and therefore avers, that with RCSC's holiday schedule, her request amounted to 9.5 days of leave.

49.     On or about December 22, 2015, Drummond contacted Plaintiff and informed her that her leave was denied and that RCSC could not hold her position open and that she could re-apply for her position when she "felt better."

50.     The date of Plaintiff's termination was back-dated to December 17, 2015.

51.     RCSC violated the ADA by refusing to provide Plaintiff leave accommodation.

52.     Defendant's failure to engage in the ADA's interactive process, precludes Defendants from asserting undue hardship or burdensomeness as to the Plaintiff's requested leave accommodation.

53.     RCSC's basis for termination was false, manufactured, baseless, and pretextual, as RCSC must provide leave under whichever statutory provision (FMLA or ADA) provides the greater rights to the employee (see 29 C.F.R. § 825.702(a)).  Unlike the FMLA, the only basis for denial of leave as an accommodation under the ADA is through a showing of undue hardship to the employer.

54.     Plaintiff believes, and therefore avers that her position was not posted until January 11, 2016 and was not filled until January 26, 2016, well after Plaintiff was to return.

55.     RCSC terminated Plaintiff's employment after denying Plaintiff's request for leave without engaging in the interactive process in any manner, despite having specific knowledge from Plaintiff that Plaintiff needed accommodation.

56.     Plaintiff believes and therefore avers that the termination of her employment is a violation of the ADA due to the aforementioned conduct.

57.     RCSC was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

58.     As a direct result of the hostile and antagonistic conduct by RCSC's supervisory employees, Plaintiff was deprived of her employment with RCSC.

59.     As a direct result of RCSC's conduct, Plaintiff has been irrevocably damaged.

60.     As a direct result of RCSC's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

61.     As a direct result of RCSC's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

<b>COUNT I<br>PLAINTIFF v. RCSC<br><u>VIOLATION OF THE ADA</u></b>

62.     Paragraphs 1 through 61 inclusive, are incorporated by reference as if fully set forth at length herein.

63.     At all times relevant herein, Plaintiff was disabled, regarded as and/or perceived as disabled by RCSC.

8

64.     Plaintiff was able to perform all of the essential functions of her position with or without accommodation.

65.     By reason of the conduct set forth above, RCSC intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

66.     RCSC violated the ADA by refusing to accommodate Plaintiff.

67.     RCSC violated the ADA by failing to engage in the ADA's interactive process.

68.     By its actions and inactions through its agents, servants, and representatives, RCSC created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

69.     As a direct result of Plaintiff's disability and/or request for accommodation, RCSC terminated Plaintiff's employment.

70.     RCSC's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

**COUNT II**
**PLAINTIFF v. RCSC**
**RETALIATION UNDER THE ADA**

71.     Paragraphs 1 through 70 inclusive, are incorporated by reference as if fully set forth at length herein.

72.     By the acts complained of, RCSC has retaliated against Plaintiff for exercising her rights under the ADA, namely requesting and/or using leave or a reasonable accommodation, in violation of the ADA.

73.     Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of RCSC's retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. RCSC
## <u>VIOLATION OF THE PHRA</u>

74.     Paragraphs 1 through 73, inclusive, are incorporated by reference as if fully set forth at length herein.

75.     The unlawful actions of RCSC acting as aforesaid, constitutes a violation of 43 Pa. Stat. Ann. § 951 *et seq*. of the Pennsylvania Human Relations Act.  The said unlawful practices for which RCSC is liable to Plaintiff include, but are not limited to, treating Plaintiff in a disparate and discriminatory manner failing to accommodate Plaintiff and retaliating against Plaintiff because of her disability, because she had made requests for leave and/or reasonable accommodation, and because she engaged in protected conduct under the PHRA.

76.     By the acts complained of, RCSC has retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act, in violation of said act.

77.     As a direct result of RCSC's willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory and retaliatory manner in violation of Title 43 Pa. Stat. Ann. § 951 *et seq*. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT IV**
**PLAINTIFF v. DRUMMOND**
**AIDING AND ABETTING UNDER THE PHRA**

78.     Paragraphs 1 through 77, inclusive, are incorporated by reference as if fully set forth at length herein.

79.     The unlawful actions of Drummond acting as aforesaid, constitute a violation of Title 43 Pa. Stat. Ann. § 951 *et se*q. of the Pennsylvania Human Relations Act.  The said unlawful practices for which Drummond is liable to Plaintiff include, but are not limited to, treating Plaintiff in a disparate and discriminatory manner refusing to accommodate Plaintiff, and failing to enter into the interactive process and retaliating against Plaintiff because of her disability, because she had made requests for leave and/or reasonable accommodation, and because she engaged in protected conduct under the PHRC.

80. As a direct result of Drummond's willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory manner in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

81.     At all relevant times herein, Drummond knew, or had reason to know, of the actions alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of RCSC.

**STATEMENT OF FACTS JUSTIFYING**
**THE IMPOSITION OF PUNITIVE DAMAGES**
**UNDER THE ADA**

82.     Paragraphs 1 through 81, inclusive, are incorporated by reference as if fully set

11

forth at length herein.

83.     At all times relevant hereto, RCSC knew or should have known of the pattern of conduct in which its principals, employees, and agents had engaged and in which they continued to engage.

84.     At all times relevant hereto, RCSC knew or should have known that the aforesaid pattern of conduct was in violation of law and RCSC's stated policies and terms of employment.

85.     Despite such knowledge, RCSC failed to adequately investigate, discipline, or discharge its agents, servants, and representatives who discriminated against Plaintiff and created a hostile work environment.

86.     RCSC failed and refused to properly protect and support Plaintiff, and in fact subjected or permitted her to be subjected to discrimination and retaliation.

87.     At all times relevant hereto, RCSC acted willfully, wantonly, recklessly, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff and other employees similarly situated.

## V.  PRAYER FOR RELIEF

88.     Paragraphs 1 through 87 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

    a.  Exercise jurisdiction over her claim;

    b.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

    c.  Award compensatory damages, including but not limited to reimbursement of

all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from RCSC's discriminatory and unlawful conduct;

d.   Reinstate Plaintiff to her former position together with back pay and compensatory damages;

e.   Award punitive and/or liquidated damages as may be permitted under law;

f.   Award Plaintiff attorneys' fees and costs; and

g.   Grant such other relief, as the Court deems just and equitable.


## VI.  **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By: _/s/ Rebecca E. Mitchell_____
GEORGE S. KOUNOUPIS, ESQUIRE
REBECCA E. MITCHELL, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Date:  November 6, 2017